# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE HOFFERT, | ) | |
|     Plaintiff | ) | C.A. No. 13-162 Erie |
| | ) | |
| v. | ) | **District Judge Hornak** |
| | ) | **Magistrate Judge Baxter** |
| COMMONWEALTH OF PENNSYLVANIA, | ) ) | |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Defendant's motion to dismiss [ECF No. 25] be granted and that this case be dismissed.

### II.  REPORT

#### A.  Relevant Procedural and Factual History

On June 19, 2013, Plaintiff Clarence Hoffert, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, presented this *pro se* civil rights complaint against Defendant Commonwealth of Pennsylvania, pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant continues to confine him "without providing the proper mandatory required paperwork." (ECF No. 9, Complaint, at Section IV.C). As relief for his claim, Plaintiff seeks compensatory damages and immediate release from confinement (Id. at Section VI).

On January 22, 2014, Defendant filed a motion to dismiss [ECF No. 25] arguing that (i) Plaintiff's claim must be dismissed because it is barred by the Eleventh Amendment and

Defendant is not a "person" under § 1983, and (ii) Plaintiff's illegal detention claim must be dismissed because it fails to state a claim upon which relief may be granted. Plaintiff has since filed a response to Defendant's motion. This matter is now ripe for consideration.

### B.   Standards of Review

#### 1.   Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact

pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the

court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### **C.** **Discussion**

#### **1.** **Eleventh Amendment Immunity**

Defendant seeks to have Plaintiff's claim dismissed based upon Eleventh Amendment immunity.

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be

sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

No exceptions to Eleventh Amendment immunity are applicable here.[1] The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538 at *1 n.2 (E.D.Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).

Accordingly, Plaintiff's claim against Defendant should be dismissed based upon Eleventh Amendment immunity.

### 2. Illegal Detention

Alternatively, to the extent Plaintiff is claiming that he is being illegally detained due to the alleged absence of the "mandatory required paperwork," Defendant correctly points out that such claim attacks the very fact of his physical confinement and ultimately seeks an immediate release from custody. As such, Plaintiff's claim is not cognizable under §1983 because a habeas corpus petition is the sole vehicle for Plaintiff to raise his claims. Preiser v. Rodriquez, 411 U.S. 475, 487-88 (1973). See also Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). Plaintiff cannot obtain the relief he seeks – immediate release from custody – in a § 1983 action. Thus, Plaintiff's

---

[1] To the extent Plaintiff may be attempting to implicate the Pennsylvania Department of Corrections ("DOC"), it is beyond question that the DOC is an administrative agency of the Commonwealth of Pennsylvania and is, thus, insulated by the Eleventh Amendment's grant of immunity. See Steele v. Pennsylvania, 2009 WL 614800 at *8 (W.D.Pa. Mar. 6, 2009).

5

illegal detention claim should be dismissed on the merits, in any case.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [ECF No. 25] be granted and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 23, 2014

cc: The Honorable Mark R. Hornak
United States District Judge